UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Tampa Division)

| | |
|---|---|
| IRIS FERRERAS, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BURLINGTON STORES, | ) |
| INC., a Foreign Corporation | ) |
| | ) |
|      Defendant. | ) |
| _____/ | |

## DEFENDANT, BURLINGTON STORES, INC.'S, PETITION FOR REMOVAL

Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, Defendant, BURLINGTON STORES, INC., by and through its undersigned counsel, hereby Petitions the Removal of this action to the United States District Court for the Middle District of Florida (Tampa Division). As grounds for removal, Defendant, BURLINGTON STORES, INC. states as follows:

1. On October 10, 2022, Plaintiff IRIS FERRERAS ("Plaintiff") commenced this action against Defendant, BURLINGTON STORES, INC. by filing a Complaint in the Tenth Judicial Circuit in and for Polk, Florida. Plaintiff's Complaint was assigned Case No. 2022-CA-003443 (hereinafter, the "State Court Action"). Defendant was subsequently served with copies of the Summons and Complaint.

2.      As Plaintiff initially failed to plead the proper jurisdictional threshold for Circuit Court, the Complaint was amended on February 6, 2023.

3.      Plaintiff, however, failed to include any statements, allegations or assertions as to her residency or citizenship. [See Amended Complaint, attached as Exhibit A].   Defendant, unable to confirm the amount in controversy and citizenship of Plaintiff at that time, had insufficient grounds for removal. Accordingly, an Answer and Affirmative Defenses was filed on February 16, 2023.

4.      On February 20, 2023, BURLINGTON STORES, INC. initiated written discovery, which included requests specifically directed to the amount in controversy and citizenship issues, in order to determine, among other things, whether it had sufficient grounds for removal.

5.      Defendant's initial discovery requests specifically included Requests for Admissions, asking Plaintiff to admit (1) that she is a resident of the State of Florida; and (2) that she is seeking an amount in excess of $75,000.  Plaintiff filed responses to the Requests for Admissions, admitting both in the affirmative.

6.      Pursuant to 28 U.S.C. § 1332(a), the [United States] district courts shall have original jurisdiction of all civil actions where the matter in controversy "is between – (1) citizens of different States; . . ."   Under 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of every State . . . by which it has been

incorporated and of the State . . . where it has its principle place of business . . . ." [See id.].

7.      Defendant, BURLINGTON STORES, INC., is a Foreign Corporation, incorporated under the laws of the State of Delaware.  It has a principle place of business at 2006 Route 130 North in Burlington, NJ.

8.      Plaintiff, IRIS FERRERAS, is a resident of the State of Florida. (See Responses to Requests for Admissions, at ¶ 9, hereto attached as Exhibit B). Plaintiff also produced a copy of her Driver's License to Defendant on May 18, 2023, in response to Requests for Production, confirming that at all times material, she has had a Florida Drivers License.

9.      FERRERAS is domiciled in Davenport, Polk County, Florida. According to her Verified Answers to Interrogatories [attached as Exhibit C], also served on May 18, 2023,  FERRERAS has at all times material resided in Davenport, Florida.  According to public records maintained by the Polk County Property Appraiser, FERRERAS has at all times material owned real property, at which she has resided, in Davenport, Florida.    Finally, there are no facts, contained within the pleadings or Plaintiff's discovery responses, to indicate that she has no intention to remain in Florida indefinitely. [See Travalglio v. Am. Exp. Corp., 735 F.3d 1269 (11th Cir 2013)].

10.    Based on the information set out above, Plaintiff and Defendant are citizens of different States, and therefore, this action meets diversity jurisdiction. Defendant BURLINGTON STORES, INC., is a citizen of both Delaware and New Jersey, which are both diverse from Plaintiff, FERRERAS, a Florida citizen.

11.    Pursuant to 28 U.S.C. § 1332(a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs…"  Plaintiff alleges in her Amended Complaint that she was injured and suffered damages.

12.    This Court has held that the district court must find, by a preponderance of the evidence, that the amount in controversy is satisfied. [See Wilt v. Depositors Ins. Co., 2013 U.S. Dist. LEXIS 167890 * (M.D. Fla. 2013); see also 28 U.S.C. § 1446(c)(2)]. First, in response to her Requests for Admissions, Plaintiff admitted she is seeking damages in excess of $75,000. [See Exhibit B, at ¶ 10].  Defendant would assert that based on this, it has met its burden.

13.    This Court has also held that a plaintiff's medical bills can also establish the required amount in controversy. [See Stramiello v. Petsmart, Inc., 2010 U.S. Dist. LEXIS 59119 *9-12 (M.D. Fla. 2010)].  In furtherance of this burden, Defendant would assert that in her verified Answers to Interrogatories, Plaintiff provided alleged initial medical expenses in excess of $176,000. [See Exhibit C, at No. 11]. Accordingly, Defendant would argue that it has established, by a

preponderance of the evidence, that the amount in controversy in this action exceeds $75,000.

14.    Pursuant to 28 U.S.C. § 1441(a), any civil action over which the Federal courts have original jurisdiction, but which is brought in State court, may be removed to the district court of the United States that embraces the place where such action is pending. This removal is to the District Court of the United States for the District, Tampa Division, which would include Polk County, Florida, the place where the State Court Action is pending.

15.    This Petition for Removal is being filed within 30 days after Defendant received sufficient information so as to establish grounds for removal. Prior to the receipt of Plaintiff's discovery responses, and namely the Verified Answers to Interrogatories and Responses to Requests for Production, Defendant had insufficient information to establish both diversity of citizenship and the amount in controversy.

16.    When removability to a case to Federal Court is not clear on the face of the initial pleading[s] . . . , then the **defendant is not subject to the 30-day clock triggered by its receipt of the same**. [See Wopshall v. Travelers Home & Marine Ins. Co., 369 F. Supp. 3d 1283 (S.D. Fla. 2019)] (emphasis added).  If at some time later, the defendant learns about a basis for removal, then 28 U.S.C. § 1446(b)(3) opens "another 30-day window" to take action, beginning to run when

Defendant receives "something in writing," which is received after the initial pleading, and which plainly and clearly establishes the bases. [See id.].   The rules seek to balance the requirement for early removal, against the need to allow the defendant to wait until removability becomes clear.  [See id.].

17.    In Bechtelheimer v. Cont'l Airlines, Inc., the court rejected an argument that removal had been waived, after the defendant had served both and answer and paper discovery in Florida State court.   In reasoning that a party cannot waive a right that it does not yet have, it found that pre-removal discovery is permitted to ascertain, among other things, amount in controversy information, and that filing an answer is **not** an indication of waiver.  [See 755 F. Supp. 2d 1211 (M.D. Fla. 2010) (citing Cruz v. Lowe's Home Centers, Inc., Case No. 8:09–cv–1030, 2009 WL 2180489, 2009 U.S. Dist. LEXIS 66146 (M.D.Fla. July 21, 2009)] (emphasis added).

18.    Accordingly, for the reasons set forth herein, the present Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

19.    Pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, and orders served in the State Court Action as of this date are attached hereto as Composite Exhibit D.

20.    A Notice of Filing of Notice of Removal, attaching a copy of this Petition of Removal, is being filed on this date with the Clerk of the Polk County,

Tenth Judicial Circuit Court, Florida, and is being served on Plaintiff's counsel as required by 28 U.S.C. section 1446(d). A copy (without attachments) of the Notice of Filing Ð¥ÜÚ¡¤cbÅcf Removal filed in the State Court Action is `attached hereto Ùg Exhibit E.

21.    Undersigned counsel represents Defendant BURLINGTON STORES, INC. in this action and is authorized to state that Defendant expressly consents to the removal of the State Court Action to this Court.

WHEREFORE, Defendant, BURLINGTON STORES, INC., respectfully requests that this Petition for Removal be accepted and that the State Court Action be removed to the United States District Court for the Middle District of Florida (Tampa Division).

Respectfully submitted,

_____
AMANDA J. PODLUCKY, ESQUIRE
Florida Bar No.:  047109
MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN
Landmark Center One
315 E. Robinson Street, Suite 550
Orlando, FL  32801-2719
Primary E-mail:  ajpodlucky@mdwcg.com
Secondary E-mail:  alturner@mdwcg.com
(407) 420-4380 – phone
(407) 839-3008 - fax

7

Attorney for Defendant BURLINGTON
STORES, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2023, I electronically filed the
foregoing with the CM/ECF system, which will send a notice of electronic filing
to: Daniel P. Osterndorf, Esquire, PARDY & RODRIGUEZ, P.A., Post Office Box
3747, Orlando, Florida 3747; dosterndorf@pardyandrodriguezlaw.com *(Counsel
for Plaintiff)*.

AMANDA J. PODLUCKY, ESQ.
Florida Bar No. 47109
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
315 E. Robinson Street, Suite 550
Orlando, Florida 32801-2719
Telephone:  (407) 420-4380
Facsimile:    (407) 839-3008
Primary E-Mail:    ajpodlucky@mdwcg.com
Secondary E-Mail: alturner@mdwcg.com
Attorney for Defendant,
BURLINGTON STORES, INC.

# Exhibit A

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA**

IRIS FERRERAS,                     CASE NUMBER: 2022-CA-003443

       Plaintiff,

vs.

BURLINGTON STORES, INC., a
foreign corporation,

       Defendant.

_____/

## AMENDED COMPLAINT

    Plaintiff, IRIS FERRERAS, by counsel, sues Defendant, BURLINGTON STORES, INC., a foreign corporation, and alleges:

    1.    This is an action for damages that are in excess of fifty thousand dollars ($50,000.00), exclusive of interest and costs.

    2.    Defendant, BURLINGTON STORES, INC., ("Burlington"), is a foreign corporation licensed, authorized to and conducting business in Polk County, Florida.

    3.    On or about December 10, 2020, Burlington was in exclusive possession and control of the building and premises located at 1241 Posner Boulevard, Davenport, Polk County, Florida (hereafter "the Premises").

    4.    On or about December 10, 2020, Burlington operated a retail facility at the Premises.

    5.    On or about December 10, 2020, Burlington exclusively managed, maintained and controlled the Premises.

6.    On or about December 10, 2020, Plaintiff was lawfully on the Premises as a business invitee.

7.    On or about December 10, 2020, Plaintiff was shopping at the Premises. As she was walking down an aisle in the store, she tripped and fell on a lower shelf railing piece that had become detached from the shelf, bent outwards and that was sticking out into the walkway of the aisle.

8.    At the time and place this accident, multiple Burlington employees were in the immediate vicinity of the condition; yet none of them, gave any warning to Plaintiff or took any corrective action with regard to the condition.

9.    At all times material hereto, Burlington had a duty to reasonably maintain the equipment and shelving located at the Premises for business invitees, including Plaintiff.

10.    Burlington breached its duty to Plaintiff by failing to inspect the area where the accident occurred to ensure that it was in a reasonably safe condition for its intended and foreseeable uses, and free from all defects and conditions that would render it dangerous and unsafe for Plaintiff, or present an unreasonable risk of harm to her in her lawful use of the premises.

11.    Burlington also breached its duty to Plaintiff by failing to adequately warn her that the area in which the accident occurred was in a dangerous or unreasonably safe condition and posed a danger for harm during ordinary use.

12.    As a legal, direct and proximate cause of Burlington's breach of its duties, Plaintiff was injured and has suffered damages.

WHEREFORE, Plaintiff, IRIS FERRERAS, demands judgment against Defendant, BURLINGTON STORES, INC. for damages, costs and for such other and further relief as this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, IRIS FERRERAS, demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Florida E-Portal on this 6th day of February, 2023, which shall provide service via electronic mail to all counsel of record.

/s/ DANIEL P. OSTERNDORF
DANIEL P. OSTERNDORF
Florida Bar Number: 0119751
PARDY & RODRIGUEZ, P.A.
Post Office Box 3747
Orlando, Florida 32802-3747
Telephone:  407-481-0066
Facsimile:  407-648-9555
dosterndorf@pardyrodriguezlaw.com
Attorneys for Plaintiff
IRIS FERRERAS

# Exhibit B

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA

CASE NO.: 2022-CA-003443

IRIS FERRERAS,

     Plaintiff,

v.

BURLINGTON STORES, INC. a
foreign corporation,

     Defendant.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT, BURLINGTON
### STORES, INC.'S,  REQUESTS FOR ADMISSIONS

Plaintiff, IRIS FERRERAS, by counsel, hereby responds to Defendant's Requests for Admissions as follows:

1.    The premises on which Plaintiff claims to have been injured was reasonably maintained by Defendant.

RESPONSE: Denied.

2.    The premises in Polk County, Florida at which Plaintiff claims she fell was safe for proper and normal use.

RESPONSE: Denied.

3.    Any conditions that Plaintiff claims caused her to be injured on December 10, 2020, were, at all times material hereto, common and ordinary.

RESPONSE: Denied.

4.    Any conditions that Plaintiff claims caused her to be injured on December 10, 2020, were, at all times material hereto, open and obvious.

RESPONSE: Denied.

5.    There was nothing inherently dangerous about the condition of the subject area at which Plaintiff claims she was injured on December 10, 2020.

RESPONSE: Denied.

6.    Plaintiff, her agents or attorney(s), are not aware of anyone else who slipped, tripped or fell on the premises of the Defendant's premises at which Plaintiff claims she fell on December 10, 2020, at or around the same time as the incident giving rise to this lawsuit.

RESPONSE: Admit.

7.    Plaintiff, her agents or attorney(s), are not aware of anyone else who slipped or fell on the premises of the Defendant's premises prior to December 10, 2020, in a substantially similar matter to that alleged by Plaintiff.

RESPONSE: Admit.

8.    At the time of the December 10, 2020, incident which gives rise to this lawsuit, Plaintiff failed to exercise ordinary care and caution for her own safety.

RESPONSE: Denied.

9.    Plaintiff, IRIS FERRERAS, is a resident of the State of Florida.

RESPONSE: Admit.

10.    Plaintiff, IRIS FERRERAS, is alleging damages in excess of $75,000.

RESPONSE: Admit.

11.    Plaintiff, IRIS FERRERAS, admits that the value of the present matter is under $75,000.

RESPONSE: Denied.

12.    Plaintiff is unsure as to the exact cause of her fall on Defendant's premises on December 10, 2020.

RESPONSE: Denied.

13.    Plaintiff, her agents or attorneys, are not aware of any governmental, industry or other standard, code or regulation that was violated by Defendant at the time of the incident which gives rise to this lawsuit.

RESPONSE: Denied.

14.    Plaintiff, her agents or attorney(s), are not aware of any witnesses who saw or claim to have seen the incident described in the Amended Complaint, as it occurred.

RESPONSE: Admit.

15.    Plaintiff, her agents or attorney(s) are unaware as to how long the condition, which caused or contributed to the alleged fall, existed on Defendant's premises on December 10, 2020, prior to the alleged incident.

RESPONSE: Admit.

16.    Plaintiff, her agents or attorney(s) are unaware as to how the condition, which caused or contributed to the alleged fall, came to be present on Defendant's premises on December 10, 2020, prior to the alleged incident.

RESPONSE: Admit.

17.    Plaintiff, her agents or attorney(s) are unaware as to anyone else, other than Plaintiff, who witnessed the condition, which caused or contributed to the alleged fall, on December 10, 2020, prior to the fall.

RESPONSE: Denied.

18.    With regard to any conditions that Plaintiff claims caused her to fall on December 10, 2020, Plaintiff had seen the same in/on defendant's premises prior to that date.

RESPONSE: Denied.

19.    With regard to any conditions that Plaintiff claims caused her to fall on December 10, 2020, Plaintiff had felt or otherwise observed the same on defendant's premises prior to that date.

RESPONSE: Denied.

20.    If you admitted Requests for Admission 18 and/or 19, above, admit that you reported such condition to Defendant, its agents or employees on at least (1) occasion.

RESPONSE: Denied.

21.    If you admitted Request for Admission Number 18 and/or 19, above, admit that you had actual notice of such condition prior to December 10, 2020.

RESPONSE: Denied.

22.    If you denied Requests for Admission Number 18 and/or 19, above, admit that you had never seen the condition at issue on Defendant's premises prior to December 10, 2020.

RESPONSE: Admit.

23.    Plaintiff considers herself to bear some responsibility for the December 10, 2020 incident giving rise to this lawsuit.

RESPONSE: Denied.

24.    At the time of the incident described in the Amended Complaint, Plaintiff was covered by group health or medical insurance.

RESPONSE: Denied.

25.    Plaintiff has not missed any work, for which she did not receive wages or vacation benefits, as a result of the alleged incident since December 10, 2020.

RESPONSE: Denied.

25(sic).        Plaintiff's ability to earn money in the future was not affected as a result of the subject incident on December 10, 2020.

RESPONSE: Admit.

26.    Plaintiff has brought claims alleging personal injury prior to this suit against an entity unrelated to this Defendant.

RESPONSE: Denied.

27.    Plaintiff had consumed alcohol, drugs or medication(s) within the four (4) hours prior to the incident.

RESPONSE: Denied.

28.    Plaintiff had visited Defendant's premises at least one (1) time prior to December 10, 2020.

RESPONSE: Admit.

29.    Plaintiff had never tripped, slipped or fallen in or on Defendant's premises prior to December 10, 2020.

RESPONSE: Admit.

30.    Plaintiff slipped or tripped as a result of her own footing or footwear, and not because of the acts of Defendant.

# Exhibit C

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR THE POLK COUNTY, FLORIDA**

IRIS FERRERAS,                                   CASE NO: 2022-CA-003443

      Plaintiff,

vs.

BURLINGTON STORES, INC,
A foreign corporation,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF ANSWERS TO DEFENDANT'S INITIAL INTERROGATORIES

Plaintiff, IRIS FERRERAS, by counsel, pursuant to Fla. R. Civ. P. 1.340, files this Notice

of Service of Verified answers to Defendant's Initial Interrogatories, which were propounded on

February 20, 2023, by Amanda J Podlucky, Counsel for Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 18, 2023, a copy hereof has been filed via Florida's

E-Filing Portal, thereby serving counsel for Defendant via E-Service.

                *s/ Daniel P. Osterndorf*
                Daniel P. Osterndorf
                Florida Bar Number: 0119751
                PARDY & RODRIGUEZ, P.A.
                Post Office Box 3747
                Orlando, Florida 32802-3747
                Telephone: 407-481-0066 / Facsimile: 407-481-7939
                dosterndorf@pardyrodriguezlaw.com
                ngrillo@pardyrodriguezlaw.com
                Eservice@pardyrodriguezlaw.com
                *Attorneys for Plaintiff(s)*

RESPONSE: Denied.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Florida E-Portal on this 21st day of April, 2023, which shall provide service via electronic mail to all counsel of record.

<div align="right">

s/ DANIEL P. OSTERNDORF
DANIEL P. OSTERNDORF
Florida Bar Number: 0119751
PARDY & RODRIGUEZ, P.A.
Post Office Box 3747
Orlando, Florida 32802-3747
Telephone:  407-481-0066
Facsimile:  407-481-7939
dosterndorf@pardyrodriguezlaw.com (primary)
Attorneys for Plaintiff

</div>

DocuSign Envelope ID:

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA

CASE NO.: 2022-CA-003443

IRIS FERRERAS,

     Plaintiff,

v.

BURLINGTON STORES, INC. a
foreign corporations,

     Defendant.

_____/

### PLAINTIFF'S ANSWERS TO DEFENDANT, BURLINGTON
### STORES, INC.'S, INITIAL INTERROGATORIES

1.    What is the name and address of the person answering these interrogatories?  As to the Plaintiff, please provide all former names and when you were known by those names; all addresses where you have lived for the past ten years and the dates you lived at each address; your social security number; your driver's license number; your date of birth; and if you are or have ever been married, the name of your spouse or spouses. (Your date of birth and/or SSN may be provided under separate cover for additional privacy protections, and served on Defendant contemporaneously with your answers, but such information is discoverable and **must** be provided).

RESPONSE:       Iris Ferreras (with assistance of counsel, Daniel P. Osterndorf)
                   18 E. Palmetto Street
                   Davenport, Florida 33837
                   2022 – Present

                   280 Ludisia Loop
                   Davenport, Florida 33837
                   2020 – 2022

                   157 Dwight Street
                   Jersey City, NJ 07305
                   2006 – 2020

                   SS#: Will be provided confidentially
                   DOB: Will be provided confidentially

2.  List the names, business addresses, dates of employment and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten years. Also please list your gross and taxable income for each of the past five (5) years and state for which of those years you filed a Federal Income Tax Return.

RESPONSE:   Discovery Academy of Lake Alfred
100 N. Buena Vista Drive
Lake Alfred, Florida 33850
2023 – Present

Polk County Public Schools
1915 S. Floral Avenue
Bartow, Florida 33830
2022 – 2023

Beloved Community Charter School
508 Grand Street
Jersey City, NJ 07302
2019 – 2020

Jersey City Public Schools
346 Claremont Avenue
Jersey City, NJ 07305
2018 – 2020

Greater Bergen Community Action Head Start
392 Main Street
Hackensack, NJ 07601

Plaintiff is not claiming lost wages or loss of future earning capacity. Accordingly, Plaintiff objects to provider her wage/income information as such information is irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad and unduly burdensome.

3.  Do you wear glasses, contact lenses or hearing aids? If so, who prescribed them; when were they prescribed; when were your eyes or ears last examined; and what is the name and address of the examiner?

RESPONSE:  Yes, I wear glasses. My last examination was in 2022 at Wal-Mart located at 36205 U.S. Hwy. 27, Haines City, Florida33844.

DocuSign Envelope ID: 8BE91362-3631-4E8B-BC0C-6682E5D50802

4.    Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction, the specific crime, the date and the place of conviction.

RESPONSE: No.

5.    Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the Complaint? If so, what was the nature of the infirmity, disability, or sickness?

RESPONSE: Yes. I had diabetes. I took Metformin, 500 mg, once a day for this condition.

6.    Did you consume any alcoholic beverages or take any drugs or medications within twelve hours before the time of the incident described in the Complaint? If so, state the specific type and amount of alcoholic beverages, drugs or medication which were consumed, when and where you consumed them and who was with you at the time of consumption.

RESPONSE: No.

7.    Describe ***in detail*** how the incident described in the Complaint happened, (including in your answer a description of the condition of the premises, any foreign substances, obstructions, defects, insufficiencies of lighting or other factors that you contend contributed to this incident) and the specific location of where the incident occurred on the premises, including all actions taken by you to prevent the incident.

RESPONSE: On December 10, 2020, I was shopping at the Burlington store located at 1241 Posner Blvd, Davenport, Florida. I was walking down an aisle in the store that had art and picture frames. I was looking at the items on the upper shelves as I was walking. As I did so, I tripped and fell on a shelf railing piece that was protruding and sticking out into the aisle from a lower shelf close to the floor.

8.    With regard to any condition and/or defect which you are alleging caused or contributed to the subject incident, describe ***in detail*** the condition and/or defect; how you learned of the substance and/or defect; how the condition and/or defect was created or came to be present on the premises; how long the condition and/or defect was present before the incident; whether any employee or patron at the subject premises had knowledge of such condition and/or defect; and whether any employee or patron at the subject premises had been made aware of such condition and/or defect.

RESPONSE: The condition that caused me to trip and fall was a shelf railing piece that was protruding and sticking out into the aisle from a lower shelf close to the floor. I do not know how it was created, or for how long it was in that condition before my accident. I do not know if there were any other persons or employees who had knowledge of the incident.

9. Describe **_in detail_** each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question. (In your answer, identify the specific acts or omissions which constituted negligence, and state the facts which support such contention(s)).

RESPONSE: Defendant failed to maintain its premises in a reasonably safe condition by allowing the shelf railing piece to protrude and stick out into the customer aisle. Defendant failed to warn of this condition if it was aware of, or in the exercise of reasonable diligence, should have been aware of.

10. Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, and the effects on you that you claim are permanent.

RESPONSE: Generally, I injured my right shoulder in the accident. I had tears of various tendons and ligaments related to the right shoulder. The right shoulder pain and numbness radiated out down my arm to my hand. I ultimately had various treatment including injections and surgery to my right shoulder. The injury to my right shoulder is permanent.

11. List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and business address to whom each was paid or is owed.

RESPONSE:

| Provider | Charges |
|---|---|
| Polk County BOCC-EMS | $629.70 |
| AdventHealth | $2,737.05 |
| Ridgewood Emergency Group | $1,668.00 |
| Radiology Imaging Specialists | $33.00 |
| University Orthopedic Care | $58,145.07 |
| Florida Orthopedic and Neurosurgery | $3,186.97 |

| CORA Physical Therapy | $17,958.00 |
|---|---|
| Advanced Diagnostic Group | $1,950.00 |
| SimonMed | $319.00 |
| Park Place Surgery Center | $46,092.60 |
| Anesthesia Professional Services | $7,808.00 |
| Millenia Surgery Center | $36,230.86 |
| Walgreens (Rx) | $85.81 |
| **Total** | **$176,214.36** |

12.    Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the Complaint? If so, state the name and address of your employer, nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

RESPONSE:  No.

13.    Have any benefits been paid or are any payable for the expenses listed in your answers to Interrogatories 11 and 12 above by collateral sources as defined in Section 768.76(2)(a)? If so, please state the following:

(a)    The names and addresses of all collateral sources which have made payment to you or on your behalf for damages arising out of the subject incident.

(b)    Have you sent notification to collateral sources listed in your answer to (a) above per Section 768.76(6)? If so, please state the name of each collateral source to which you sent such notification and the date of the notification.

RESPONSE:  No.

14.    List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date(s) of treatment or examinations, and the specific injury or condition for which you were examined or treated.

RESPONSE:        Polk County EMS
                 P.O. Box 917734
                 Orlando, Florida 32891

Advent Health/Heart of Florida
40100 U.S. Hwy. 27
Davenport, Florida 33837

Ridgewood Emergency Group
40100 U.S. Hwy. 27
Davenport, Florida 33837

Radiology Imaging Specialists
P.O. Box 20027
Tampa, Florida 33622

University Orthopedic Care
4806 South Clyde Morris Blvd., Suite 2D
Port Orange, Florida 32129

Florida Orthopedic and Neurosurgery
P.O. Box 20765
Tampa, Florida 33622

CORA Physical Therapy
P.O. Box 639672
Cincinnati, OH 45263

Advanced Diagnostic Group
56 W. Oak Street
Kissimmee, Florida 34741

SimonMed Imaging
875 Cypress Parkway
Poinciana, Florida 34759

Park Place Surgery Center
P.O. Box 636659
Cincinnati, OH 45263

Anesthesia Professional Services
4919 Memorial Hwy., Suite 200
Tampa, Florida 33634

Millenia Surgery Center
P.O. Box 636663
Cincinnati, OH 45263

Walgreens (Rx)

15. List the names and business addresses of all other physicians, medical facilities or other health care providers by whom or at which you have been examined or treated in the past ten (10) years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

RESPONSE:      Central Florida Health Care- Haines City
               705 Ingraham Ave
               Haines City, Florida 33844

               Dr. Merwin Richard
               550 Newark Ave. Ste 307
               Jersey City, NJ 07306

               Saleem Mahmood, MD
               8 Jordan Ave.
               Jersey City, NJ 07306

               Dr. Veronica V. Pineda
               544 Broadway
               Bayonne, NJ 07002

               Drs. Savoy, Siegal & Desai Optometrists
               127 Newark Ave. #1
               Jersey City, NJ 07302

               Sall Myers Medical Associates
               4428 Bergenline Ave. #3,
               Union City, NJ 07087

               BayCare Urgent Care
               36245 US Hwy 27
               Haines City, Florida 33844

16. List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

RESPONSE:      Plaintiff (liability and damages)

               Plaintiff's medical providers as listed in response to Interrogatory number 14. (damages)

               Defendant employees at scene (names unknown) (liability)

My husband, Wilton Ynoa (damages)

17.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

RESPONSE: No.

18.    State the name and address of every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

RESPONSE: My attorneys are in possession of photographs of the accident location.

19.    Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

RESPONSE: Yes; however, Plaintiff has not yet selected her experts she intends to use at trial.

20.    Other than this lawsuit, have you ever made a claim against anyone as a result of any personal injury? If so, state the injuries you sustained, the date and place that you incurred the injuries, the names and addresses of the persons or entities against whom you made your claims, the names and addresses of the physicians or doctors by whom and the hospitals or institutions where you were treated. If the claim has resulted in a lawsuit, state the venue, date of filing and case number of such lawsuit.

RESPONSE: Yes. I had a claim for workers compensation benefits for a back injury in approximately 2015. I also had a workers compensation claim for a back

injury from an accident in approximately 2009. I also recently this month filed a workers compensation claim for a knee injury.

21.    Describe in detail any and all accidents or incidents that you were involved in either prior to or since the date of the incident alleged in this case in which you sustained any personal injuries. For each such incident or accident, include the injuries that you sustained, the date, time and place each such accident or incident occurred, the names and addresses of the physicians or doctors by whom and the hospitals or institutions where you were treated for each such accident or incident and, if applicable, the names and addresses of the person or entity that you contend/contended caused or contributed to cause each such accident or incident.

RESPONSE:    See Response to number 20.

22.    Please list all establishments visited in the twenty-four (24) hours prior to the subject incident, including (a) the name of the establishment; (b) who you were with when you visited the establishment; (c) whether you consumed any food or beverage at the establishment, and if so, what was consumed; and (d) how long you remained at each establishment.

RESPONSE:    I believe that I was at home.

23.    Please indicate how long you remained on Defendant's premises after the subject incident?    Provide the mode of transportation used when you left the premises, the name of any person(s) with you when you left the premises and the next location to which you traveled after leaving the establishment.

RESPONSE:    I was in the store for approximately 1 hour, until I was taken to the hospital by emergency medical personnel.

24.    Please provide the date and approximate time that you first reported the alleged incident described in the Complaint to the Defendant, or any of its agents or employees, and provide the name of the person(s) to whom the incident was first reported to, and the means of communication utilized to make such report. If you did not personally report the incident to Defendant or its agents or employees, provide the name of the person(s) who reported the incident on your behalf, and if not reported, your understanding as to how the Defendant first learned of the incident described in the complaint. If the report was in writing, please describe how the report was transmitted to Defendant and who is in possession of a copy of the same.

RESPONSE:  Immediately after it happened while I was at the store. After I was able to get up, I located a female employee and reported the accident. I do not know if she made a report. I also do not recall the woman's name.

25.    Please state the number of times that you had been to Defendant's premises prior to the incident, and specifically, the number of times you were in the same area where you alleged the incident occurred, stating for each whether you had previously fallen on the Defendant's premises, the number of times you fell on Defendant's premises, the location(s) of any prior falls, and the condition(s) which you contend caused such fall(s) prior to December 10, 2020.

RESPONSE:  I believe that I had been to this store a few times before the accident. I do not recall if I had been in the area of my accident on any of the prior visits. I did not have any prior falls or accidents of any kind in the store.

26.    Are you currently receiving treatment or under the care of any doctor, physician or other health care provider, for any condition? If so, state the treatment you are receiving; the name and address of the doctor, physician or health care provider that is currently treating you or from whom you are receiving treatment; the condition(s) for which you are treating; the date of your last appointment for each provider; and the date of your next appointment.

RESPONSE:  No.

27.    What type of shoes and clothing were you wearing on the day in question, and do you have possession of those items today? If not, please indicate when such items were disposed of, why they were disposed of and where they were disposed of.

RESPONSE:  I was closed toed shoes with a rubber bottom. I believe I was wearing jeans and a t-shirt. I am not sure if I have the shoes.

28.    Do you currently have, or at any time since December 10, 2020, have you had, any social media account, including but not limited to: Facebook, TikTok, Instagram, SnapChat, LinkedIn, and/or Twitter? If so, provide the name on the account and/or username for such account.

RESPONSE:  Yes. I have Facebook. My name on Facebook is irisferreras08.

29.   State whether Plaintiff is currently or has ever been enrolled in the Medicare or any Medicaid program, regardless of whether any benefits have actually been paid on behalf of Plaintiff. If yes, please provide the following:

      (a)   Health Insurance Claim Number (HICN);
      (b)   Social Security Number;
      (c)   Date of entitlement to Medicare benefits;
      (d)   Date of birth;
      (e)   Gender;
      (f)   Full legal name; and
      (g)   Complete address.

RESPONSE:  No.

30.   State whether Plaintiff at any time has applied for Social Security Disability benefits? If so, provide the following:

      (a)   Date applied;
      (b)   Status of application (pending, approved or denied);
      (c)   If approved, the date Plaintiff was deemed disabled; and the date benefits began being paid to Plaintiff.

      (d)   If denied, the date of such denial; the reason for the denial as stated by the Social Security Administration; whether the denial was appealed; and the outcome or status of the appeal.

RESPONSE:  No.

DocuSign Envelope ID: 8BF91382-3681-4E8B-BC9C-5682E5D50082

## VERIFICATION

*Iris Ferreras*
465C9BE7387E447

PLAINTIFF, IRIS FERRERAS

STATE OF ___Florida___ )
COUNTY OF ___Polk___ )

The foregoing instrument was acknowledged before me this ___11th___ day of 5/16/2023

___May___ 2023, by IRIS FERRERAS, who is personally known to me____;

or has produced ___Fl. D.L.___ as identification, and who swears and

affirms the foregoing to be true and correct.

_____
Notary Public

My Commission expires:

_____

Notary Public State of Florida
Crystal M Hernandez
My Commission HH 306387
Expires 8/29/2026

Filing # 158898912 E-Filed 10/10/2022 01:49:33 PM            **Composite Exhibit D**

## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA

IRIS FERRERAS,                                    CASE NUMBER:

    Plaintiff,

vs.

BURLINGTON STORES, INC., a
foreign corporation,

    Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

        BURLINGTON STORES, INC.
        C/O CORPORATION SERVICE COMPANY
        1201 HAYS STREET
        TALLAHASSEE, FL 32301

    Each defendant is required to serve written defenses to the complaint on **Daniel P Osterndorf**, plaintiff's attorney, whose address is **315 Park Lake Circle, Orlando, Florida 32803**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If the defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on this _____ day of _____10/11/2022_____, 2022.

                    STACY M. BUTTERFIELD
                    **Clerk of the Circuit Court**



                    By:_____
                    Deputy Clerk

**AFFIDAVIT OF SERVICE**

| Case: 2022CA003443000000 | Court: IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT IN AND FOR POLK COUNTY, FLORIDA | County: POLK | Job: 8146695 (2022044248) |
|---|---|---|---|
| Plaintiff / Petitioner: IRIS FERRERAS | | Defendant / Respondent: BURLINGTON STORES, INC. A FOREIGN CORPORATION | |
| Received by: Lynx Legal Services | | For: | |
| To be served upon: Burlington Stores, Inc. | | | |

I, Douglas Bramble, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Fatimah Ford, Authorized Agent, CORPORATE: 1830 N ROUTE 130, BURLINGTON, NJ 08016

Manner of Service:   Authorized, Dec 29, 2022, 3:00 pm EST

Documents:   Summons, Complaint, Civil Cover Sheet, Plaintiff's First Request to Produce to Defendant, Designation of Primary and Secondary Email Addresses, Notice of Service of Interrogatories to Defendant and Interrogatories to Defendant Burlington Stores, Inc.

Additional Comments:
1) Successful Attempt: Dec 29, 2022, 3:00 pm EST at CORPORATE: 1830 N ROUTE 130, BURLINGTON, NJ 08016 received by Fatimah Ford, Authorized Agent. Age: 35-40; Ethnicity: African American; Gender: Female; Weight: 180; Height: 5'3"; Hair: Black;

Douglas Bramble                    Date: 1-2-23

Lynx Legal Services

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date: 1/2/23          Commission Expires: 4/8/2023



Filing # 158898912 E-Filed 10/10/2022 01:49:33 PM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

IRIS FERRERAS,                              CASE NUMBER:

    Plaintiff,

vs.

BURLINGTON STORES, INC., a
foreign corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, IRIS FERRERAS, by counsel, sues Defendant, BURLINGTON STORES, INC., a foreign corporation, and alleges:

1.    This is an action for damages that are in excess of fifteen thousand dollars ($15,000.00), exclusive of interest and costs.

2.    Defendant, BURLINGTON STORES, INC., ("Burlington"), is a foreign corporation licensed, authorized to and conducting business in Polk County, Florida.

3.    On or about December 10, 2020, Burlington was in exclusive possession and control of the building and premises located at 1241 Posner Boulevard, Davenport, Polk County, Florida (hereafter "the Premises").

4.    On or about December 10, 2020, Burlington operated a retail facility at the Premises.

5.    On or about December 10, 2020, Burlington exclusively managed, maintained and controlled the Premises.

6.      On or about December 10, 2020, Plaintiff was lawfully on the Premises as a business invitee.

7.      On or about December 10, 2020, Plaintiff was shopping at the Premises. As she was walking down an aisle in the store, she tripped and fell on a lower shelf railing piece that had become detached from the shelf, bent outwards and that was sticking out into the walkway of the aisle.

8.      At the time and place this accident, multiple Burlington employees were in the immediate vicinity of the condition; yet none of them, gave any warning to Plaintiff or took any corrective action with regard to the condition.

9.      At all times material hereto, Burlington had a duty to reasonably maintain the equipment and shelving located at the Premises for business invitees, including Plaintiff.

10.      Burlington breached its duty to Plaintiff by failing to inspect the area where the accident occurred to ensure that it was in a reasonably safe condition for its intended and foreseeable uses, and free from all defects and conditions that would render it dangerous and unsafe for Plaintiff, or present an unreasonable risk of harm to her in her lawful use of the premises.

11.      Burlington also breached its duty to Plaintiff by failing to adequately warn her that the area in which the accident occurred was in a dangerous or unreasonably safe condition and posed a danger for harm during ordinary use.

12.      As a legal, direct and proximate cause of Burlington's breach of its duties, Plaintiff was injured and has suffered damages.

WHEREFORE, Plaintiff, IRIS FERRERAS, demands judgment against Defendant, BURLINGTON STORES, INC. for damages, costs and for such other and further relief as this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, IRIS FERRERAS, demands a trial by jury on all issues so triable.

Dated: October 10, 2022.

/s/ DANIEL P. OSTERNDORF
DANIEL P. OSTERNDORF
Florida Bar Number: 0119751
PARDY & RODRIGUEZ, P.A.
Post Office Box 3747
Orlando, Florida 32802-3747
Telephone: 407-481-0066
Facsimile: 407-648-9555
dosterndorf@pardyrodriguezlaw.com
Attorneys for Plaintiff
IRIS FERRERAS

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT,
IN AND FOR POLK COUNTY, FLORIDA

CASE NO.: 2022-CA-003443

IRIS FERRERAS,

     Plaintiff,

v.

BURLINGTON STORES, INC. a
foreign corporations,

     Defendant.

_____/

## <u>NOTICE OF APPEARANCE ON BEHALF OF<br>DEFENDANT, BURLINGTON STORES, INC.</u>

The undersigned attorney, AMANDA J. PODLUCKY, and the law firm of MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, file this Notice of Appearance in the above styled cause on behalf of Defendant, BURLINGTON STORES, INC., and further requests that any and all pleadings or other matters pertaining to this case be directed to the above law firm on behalf of said Defendant, and electronically served on the undersigned at the e-mail addresses designated.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on <u>February 2, 2023</u>, I electronically filed and served the foregoing via the Florida Courts E-Filing Portal, which will send a Notice of Electronic Filing to the following: **Daniel P. Osterndorf, Esquire**, PARDY & RODRIGUEZ, P.A., Post Office Box 3747, Orlando, Florida 3747; dosterndorf@pardyandrodriguezlaw.com *(Counsel for Plaintiff)*.

                                          */s/ Amanda J. Podlucky*
                                          AMANDA J. PODLUCKY, ESQUIRE
                                          Florida Bar No.: 47109

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
One Landmark Center
315 E. Robinson Street, Suite 550
Orlando, FL 32801
Telephone:   (407) 420-4380
Facsimile:   (407) 839-3008
E-mail:      ajpodlucky@mdwcg.com
             alturner@mdwcg.com
*Attorney for Defendant*

LEGAL/151307235.v1

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA**

IRIS FERRERAS,                CASE NUMBER: 2022-CA-003443

       Plaintiff,

vs.

BURLINGTON STORES, INC., a
foreign corporation,

       Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, IRIS FERRERAS, by counsel, sues Defendant, BURLINGTON STORES, INC., a foreign corporation, and alleges:

1.      This is an action for damages that are in excess of fifty thousand dollars ($50,000.00), exclusive of interest and costs.

2.      Defendant, BURLINGTON STORES, INC., ("Burlington"), is a foreign corporation licensed, authorized to and conducting business in Polk County, Florida.

3.      On or about December 10, 2020, Burlington was in exclusive possession and control of the building and premises located at 1241 Posner Boulevard, Davenport, Polk County, Florida (hereafter "the Premises").

4.      On or about December 10, 2020, Burlington operated a retail facility at the Premises.

5.      On or about December 10, 2020, Burlington exclusively managed, maintained and controlled the Premises.

6.    On or about December 10, 2020, Plaintiff was lawfully on the Premises as a business invitee.

7.    On or about December 10, 2020, Plaintiff was shopping at the Premises. As she was walking down an aisle in the store, she tripped and fell on a lower shelf railing piece that had become detached from the shelf, bent outwards and that was sticking out into the walkway of the aisle.

8.    At the time and place this accident, multiple Burlington employees were in the immediate vicinity of the condition; yet none of them, gave any warning to Plaintiff or took any corrective action with regard to the condition.

9.    At all times material hereto, Burlington had a duty to reasonably maintain the equipment and shelving located at the Premises for business invitees, including Plaintiff.

10.    Burlington breached its duty to Plaintiff by failing to inspect the area where the accident occurred to ensure that it was in a reasonably safe condition for its intended and foreseeable uses, and free from all defects and conditions that would render it dangerous and unsafe for Plaintiff, or present an unreasonable risk of harm to her in her lawful use of the premises.

11.    Burlington also breached its duty to Plaintiff by failing to adequately warn her that the area in which the accident occurred was in a dangerous or unreasonably safe condition and posed a danger for harm during ordinary use.

12.    As a legal, direct and proximate cause of Burlington's breach of its duties, Plaintiff was injured and has suffered damages.

WHEREFORE, Plaintiff, IRIS FERRERAS, demands judgment against Defendant, BURLINGTON STORES, INC. for damages, costs and for such other and further relief as this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, IRIS FERRERAS, demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Florida E-Portal on this 6th day of February, 2023, which shall provide service via electronic mail to all counsel of record.

/s/ DANIEL P. OSTERNDORF
DANIEL P. OSTERNDORF
Florida Bar Number: 0119751
PARDY & RODRIGUEZ, P.A.
Post Office Box 3747
Orlando, Florida 32802-3747
Telephone:  407-481-0066
Facsimile:  407-648-9555
dosterndorf@pardyrodriguezlaw.com
Attorneys for Plaintiff
IRIS FERRERAS

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT,
IN AND FOR POLK COUNTY, FLORIDA

CASE NO.: 2022-CA-003443

IRIS FERRERAS,

     Plaintiff,

v.

BURLINGTON STORES, INC. a
foreign corporations,

     Defendant.

_____/

## DEFENDANT, BURLINGTON STORES, INC.'S, ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendant, BURLINGTON STORES, INC. (hereinafter "BURLINGTON") by and through its undersigned counsel, files this Answer, Affirmative Defenses and Demand for Jury Trial, in response to Plaintiff's, IRIS FERRERAS' Amended Complaint as follows:

1. Defendant, BURLINGTON, admits that Plaintiff's allegations have met the jurisdictional threshold for this Court, and would therefore admit Paragraph 1 of Plaintiff's Amended Complaint as to jurisdictional purposes only; however, Defendant denies any inferences there from.

2. Defendant, BURLINGTON, admits Paragraph 2 of the Amended Complaint but would deny any and all inferences there from.

3. Defendant, BURLINGTON, denies Paragraph 3 of the Amended Complaint, as phrased.

4. Defendant, BURLINGTON, admits that at all times material it operated retail store at the subject location, but would deny any inferences from.

5.      Defendant, BURLINGTON, denies Paragraph 5 of the Amended Complaint, as phrased.

6.      Defendant, BURLINGTON, lacks sufficient knowledge to admit or deny Paragraph 6 of the Plaintiff's Amended Complaint, and would therefore deny and demand strict proof thereof.

7.      Defendant, BURLINGTON, lacks sufficient knowledge to admit or deny Paragraph 7 of the Plaintiff's Amended Complaint, as phrased, and would therefore deny and demand strict proof thereof.

8.      Defendant, BURLINGTON, denies Paragraph 8 of the Amended Complaint, and demands strict proof thereof.

9.      Defendant, BURLINGTON, denies Paragraph 9 of the Amended Complaint, as phrased.

10.      Defendant, BURLINGTON, denies Paragraph 10 of the Amended Complaint.

11.      Defendant, BURLINGTON, denies Paragraph 11 of the Amended Complaint.

12.      Defendant, BURLINGTON, denies Paragraph 12 of the Amended Complaint.

WHEREFORE, Defendant, BURLINGTON, respectfully requests that this Honorable Court dismiss the Plaintiff's Amended Complaint and enter judgment in its favor, along with any other relief this Court deems just and proper.

## DEFENDANT, BURLINGTON STORES, INC.'S, DEFENSES AND/OR AFFIRMATIVE DEFENSES

1.      Defendant, BURLINGTON, affirmatively states that Plaintiff, FERRERAS, failed to exercise ordinary care and caution for her own safety, which was the sole legal cause of the injuries alleged in the Complaint, and is, therefore, barred from recovery as a matter of law.  Alternatively, Plaintiff, FERRERAS, was comparatively negligent and any recovery in her favor must be reduced by the percentage of negligence attributable to her.

2.    In the event it is determined the area or condition(s) described in the Complaint were unsafe or dangerous in any way, which Defendant specifically and expressly denies, BURLINGTON affirmatively states Plaintiff, FERRERAS, knew of the existence of these conditions, realized and appreciated the possibility of injury as a result of whatever hazards or conditions she contends existed, and having a reasonable opportunity to avoid them, voluntarily exposed herself to the allegedly unsafe or hazardous conditions or premises.

3.    Defendant, BURLINGTON, affirmatively states that although it has denied liability to the Plaintiff, any liability found on the part of Defendant, and any damages awarded in favor of the Plaintiff may be subject to the comparative fault provisions of Florida Statute § 768.81.  Further, pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), any damages awarded to the Plaintiff are subject to apportionment by the jury of the total fault of all participants in the action.  Defendant, BURLINGTON, affirmatively states the Plaintiff's damages, if any, were caused in whole or in part by the negligence of wrongdoing of individuals or entities who are not parties to this litigation, including other residents or guests of the property.

4.  Defendant, BURLINGTON, affirmatively states that any alleged negligence condition which may have existed, which is expressly denied, was at all times open and obvious.

5.  Defendant, BURLINGTON, affirmatively states that any alleged negligent condition which may have existed in the area referred to in the Complaint was not the proximate cause of the injuries alleged in the Complaint.

6.  Defendant, BURLINGTON, affirmatively states that the Plaintiff, FERRERAS, has failed to mitigate damages as required under Florida law and, therefore, any such recovery

should be proportionately reduced as a result of this failure; specifically, Defendant affirmatively states that Plaintiff failed to receive appropriate and immediate medical attention following her injury at the subject premises which resulted in the aggravation of Plaintiff's alleged injuries.

7.    Defendant, BURLINGTON, affirmatively states that should it be held liable to the Plaintiff, which is specifically denied, Defendant would be entitled to a set-off for the total of all amounts available or paid to the Plaintiff from all collateral sources, as well as for all sums of monies received or available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint.

8.    In the event it is determined the area or conditions described in the Complaint were unsafe or dangerous in any way, which Defendant specifically and expressly denies, BURLINGTON affirmatively states that it had no actual or constructive knowledge of any such condition(s) asserted by Plaintiff.

9.    Defendant, BURLINGTON, affirmatively states that Plaintiff FERRERAS knew or should have known of any risks associated with the area or conditions described in the Complaint, which Defendants specifically deny, and voluntarily exposed herself to the same, assuming the risk of any such condition(s).

10.    Plaintiff, FERRERAS, may not seek recovery for any conditions or problems which were preexisting and therefore to that extent damages for same are not recoverable in this action.

11.    Defendant, BURLINGTON specifically reserves the right to amend and assert any and all Defenses and/or Affirmative Defenses that become known to it during the course of discovery.

**<u>DEFENDANT, BURLINGTON STORES, INC.'S, DEMAND FOR JURY TRIAL</u>**

Defendant, BURLINGTON STORES, INC., demands a trial by jury on all issues triable by right.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on <u>February 16, 2023</u>, I electronically filed and served the foregoing via the Florida Courts E-Filing Portal, which will send a Notice of Electronic Filing to the following: **Daniel P. Osterndorf, Esquire**, PARDY & RODRIGUEZ, P.A., Post Office Box 3747, Orlando, Florida 3747; dosterndorf@pardyandrodriguezlaw.com *(Counsel for Plaintiff)*.

*/s/ Amanda J. Podlucky*
AMANDA J. PODLUCKY, ESQUIRE
Florida Bar No.: 47109
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
One Landmark Center
315 E. Robinson Street, Suite 550
Orlando, FL 32801
Telephone:    (407) 420-4380
Facsimile:    (407) 839-3008
E-mail:    ajpodlucky@mdwcg.com
alturner@mdwcg.com
*Attorney for Defendant*

# Exhibit E

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT,
IN AND FOR POLK COUNTY, FLORIDA

CASE NO.: 2022-CA-003443

IRIS FERRERAS,

     Plaintiff,

v.

BURLINGTON STORES, INC. a
foreign corporations,

     Defendant.

_____/

## DEFENDANT, BURLINGTON STORES, INC.'S, NOTICE OF FILING PETITION FOR REMOVAL TO FEDERAL COURT

TO:   Clerk of Court
       Tenth Judicial Circuit Court, Polk County, Florida
       255 N. Broadway Ave.
       Bartow, FL 33830-3912

PLEASE TAKE NOTICE that Defendant, BURLINGTON STORES, INC., has on this date removed the above-captioned action from the Tenth Judicial Circuit Court, Polk County, Florida, in which it was originally filed, to the United States District Court for the Middle District of Florida (Tampa Division).

Attached hereto, and made a part hereof, is a copy of the Petition for Removal to Federal Court (without exhibits), which has been filed in the United States District Court.

Filed on this 24th day of May, 2023.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _May 24, 2023_, I electronically filed and served the foregoing via the Florida Courts E-Filing Portal, which will send a Notice of Electronic Filing to the following: **Daniel P. Osterndorf, Esquire**, PARDY & RODRIGUEZ, P.A.,

Post Office Box 3747, Orlando, Florida 3747; dosterndorf@pardyandrodriguezlaw.com

*(Counsel for Plaintiff).*

<div style="margin-left: 40%;">

 */s/ Amanda J. Podlucky*
AMANDA J. PODLUCKY, ESQUIRE
Florida Bar No.: 47109
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
One Landmark Center
315 E. Robinson Street, Suite 550
Orlando, FL 32801
Telephone:   (407) 420-4380
Facsimile:   (407) 839-3008
E-mail:      ajpodlucky@mdwcg.com
             alturner@mdwcg.com
*Attorney for Defendant*

</div>